[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a claim by the plaintiffs that the defendant erected a fence on plaintiff's land. The plaintiffs have also alleged that the defendant's conduct was "willful, wanton, malicious and intentional." The plaintiffs claim money damages, attorneys fees, and order directing removal of the fence and an order directing the defendant to refrain from trespassing.
The defendant, who has owned the property since 1968, admits that the survey shows that at least a portion of the property in question is within the plaintiffs boundary, has alleged adverse possession.
Adverse possession is created by legislation. It is a continuous notice to owners of real property that the use of their property for a statutory period and is hostile to the owners interest. The elements in Connecticut are that the legal owner shall have been removed from his property and remain out of CT Page 486 his property for a statutory period of fifteen continuous years. The proof must be clear and positive and the burden of positive proof is on the claimant seeking the adverse possession. The final question of whether the possession is adverse is one of fact for the trier.
The proof for adverse possession need not be based entirely on direct evidence. Logical and reasonable inferences can be drawn from the properties' use. A presumption of title has very little weight in regard to the person seeking the property for adverse possession. The law presumes that an adverse claimant is subordinate to the legal interests of owners of record.
Several elements comprise the doctrine of adverse possession. There must be a claim of right that the property is held openly and notoriously hostile to the interest of the owner and that he will have notice of the adverse claim. If one holds property under the mistaken belief that it is within his deed, this can be sufficient to satisfy the adverse character of such possession.
Secondly, the doctrine of ouster must be established. The hostile ownership must be open as against the owner so that the owner has some notice that the claimant has invaded his dominion and must be apparent that the claimant is excluding the owner permanently of all his interests and rights. The possession must be exclusive by demonstrated acts of ownership and it must be a hostile possession in its occupancy. The possession must be actual and not constructive in the absence of a legal deed and it must be open and notorious and continuous during the statutory period of fifteen years.
In this case the defendant has owned the premises at 178 Elizabeth Street, Derby, Connecticut continuously to the time of trial. The plaintiffs, Amedeo Durante and Carmelina Durante, are the owners of a two-family house located at 180 Elizabeth Street, Derby, Connecticut. Mr. and Mrs. Durante acquired title to said premises on April 15, 1983 and have owned said premises continuously from April 15, 1983 to the time of trial.
The A-2 survey prepared by Michael H. Horbal entitled, "Map of Land Prepared for Amedeo and Carmelina Durante," dated December 26, 1991, an Exhibit in this case, indicates that the boundary line between the Durante property and the Mastrodicasa CT Page 487 property is approximately one foot northerly of the concrete driveway located on the Mastrodicasa property for the first 50.75 feet of the boundary line, then said boundary line is located approximately at the edge of the Mastrodicasa concrete driveway for 30.57 feet, and that thereafter, the boundary line is located approximately one foot northerly of the Mastrodicasa garage for the next 18 feet. Said survey shows the fence in question to be clearly located on the Durante property.
A map of the Mastrodicasa property, prepared for a predecessor-in-title, said map being entitled "Map of Lot Owned by Ida C. Spencer," Derby, Connecticut, prepared by George E. Thompson, Civil Engineer, dated July 11, 1944, places the boundary line between the properties in exactly the same location as the boundary line established by the Horbal survey. The "Spencer map" is referred to in the deed of conveyance to the defendant. The "Spencer map" is an Exhibit in this case.
A map of the Durante property prepared for Nicholas and Carrie Frosceno, predecessors-in-title to the Durante property, said map being entitled, "Map of Lot to be Conveyed to Nicholas and Carrie Frosceno," dated February 3, 1944, prepared by George E. Thompson, places the boundary line between the Durante and the Mastrodicasa properties in the exact same location as shown on the map prepared by Michael Horbal. The "Frosceno map" is an Exhibit in this case.
This lawsuit involves the use of a grassy strip of land located generally between the concrete driveway on the Mastrodicasa property and the sidewalk on the Durante property Legal title to said grassy strip of land has been held by the plaintiffs and their predecessors in title at least since November 9, 1968.
Said grassy strip of land existed as an open area without any fences or barriers of any kind at least from approximately November 9, 1968 until approximately August 1, 1988 when the defendant erected a fence thereon. The defendant erected said fence without prior consultation or permission from the plaintiffs.
At no time since November 9, 1968 did the defendant erect any signs indicating that he owned or claimed ownership to said strip of land. CT Page 488
During the course of trial the surveyor of the property presented to the court by the plaintiff, indicated that the survey showed an error of approximately eighteen inches of said property which would adhere to the benefit of the defendant. During the fifteen years, the defendant did not prove by clear and convincing proof that he had exclusive possession of the strip of land. He never barred the plaintiff or people occupying the premises of the plaintiff from this strip of land. All parties were allowed to pass and repass on a frequent basis.
On August 1, 1988, the defendant erected a fence on said property. This activity aroused the legal rights of the plaintiffs and this action was brought to terminate any claims to his property. The plaintiff cites in his brief the case of Matto v. Dan Beard, Inc., supra, and this court agrees with the holding of that case regarding clear and positive proof. This court on many occasions inquired of the defendant if he was seeking a right of easement over said property. The defendant made it clear to the court that they were abandoning any right to easement and were seeking a solution of adverse possession only on said property.
Witnesses were presented from both sides to indicate their claims. The plaintiff presented evidence that the property was in use by the plaintiffs during the fifteen years. The defendant presented claims for their right of title by witnesses who proclaimed that the property was only utilized by the defendant and was in use by the plaintiff. This presented the court with the question of fact as to which witness is more credible.
Even if the court believes the testimony of the plaintiffs' witnesses is less credible, it gives credence to the fact that the property is not clear and conclusive. Therefore, the court finds that the property line should be corrected to give the defendants eighteen inches of land bordering their properties.
Secondly, the court finds for the plaintiffs in that the remaining of the property is not held adversely by the defendant and remains the property of the plaintiff.
Finally, the court orders the defendant to remove said fence either within his corrected border or remove it entirely so as not to interfere with the right of the plaintiffs to have use CT Page 489 of this property. Judgment for the plaintiff with the condition of corrected border distances of eighteen inches to the driveway, without costs to either party. There is a claim for legal fees and money damages which is hereby denied.
Philip E. Mancini, Jr. State Trial Referee